UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
       v.                          )    Criminal No. 05-0085 (PLF)
                                   )
RAYMOND G. JACKSON,                )
                                   )
       Defendant.                  )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's Motion [40] to Appeal Suppression Hearing and his Motion [41] to Return Property. The defendant was arrested on February 12, 2005 and was charged in this case on February 14, 2005. The Court held a motions hearing in this case on June 8, 2005, during which the undersigned ruled from the bench denying motions to suppress tangible evidence and statements. The defendant pled guilty on February 14, 2006 to one count of unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by more than one year (18 U.S.C. § 922(g)) and one count of unlawful possession of phencyclidine (21 U.S.C. § 844(a)). The defendant was sentenced on June 13, 2006 to 30 months in prison on the weapons conviction and 12 months in prison on the drug conviction, the sentences to run consecutively, and three years of supervised release. The defendant filed his Motion to Appeal Suppression Hearing on July 6, 2006 and his Motion for Return of Property on July 11, 2006.

*Motion to Appeal Suppression Hearing*

The defendant filed a document which is styled a "motion to appeal [the] suppression hearing." The motion requests that this Court hold a hearing and argues that the indictment was procedurally deficient and that there was no probable cause for his arrest.

If the motion is meant to be an *appeal* of any decision of this Court, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days of the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." The defendant's plea was taken on February 14, 2006 and judgment was entered on June 15, 2006. The defendant's motion to appeal the suppression hearing is, therefore, untimely under the Federal Rules and is denied.

Alternatively, if the motion to appeal the suppression hearing is a request for this Court to reconsider its own decision at the suppression hearing, it is also denied. The Court is unaware of any rule in the Federal Rules of Criminal Procedure which allows a defendant to file a post-guilty-plea and post-judgment motion for reconsideration of decisions made at a motions hearing. See, e.g., FED. R. CRIM. P. 11, 12, 47. Also, in the plea agreement, which defendant signed and agreed to be bound by at the time of his plea, defendant agreed to waive his right to an indictment. See Plea Agreement ¶ 6 [Docket No. 35].

*Motion for Return of Property*

The defendant's motion for return of property requests the return of a car and money, seized from him when he was arrested. In a plea agreement, which defendant signed and

agreed to be bound by at the time of his plea, defendant agreed to waive his interest in and not to contest the forfeiture of the money.  See Plea Agreement ¶ 4 [Docket No. 35].

The vehicle was subject to civil forfeiture under D.C. Code § 48-905.02 (a)(4), which provides that "[a]ll conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [controlled substances]" are subject to forfeiture.  The vehicle was also subject to forfeiture under D.C. Code § 7-2507.06a, which provides that "[a]ny conveyance, including vehicles and vessels in which any person or persons transport, possess, or conceal any [illegal] firearm . . . shall be seized and forfeited to the District of Columbia . . ."  At the request of the U.S. Attorney's Office, the District of Columbia filed a response [Docket No. 48] to the defendant's motion stating that the vehicle was subject to administrative forfeiture under the aforementioned provisions of the D.C. Code, that the vehicle was sold at auction in May 2006, and that notice of the seizure was sent to the defendant at his last known address in March 2005 (shortly after his arrest and the property's seizure).  It therefore appears that the District of Columbia government complied with the law and provided notice, and that the vehicle was subject to forfeiture.  In any event, the vehicle has now been sold and cannot be returned.

For all of these reasons, it is hereby

ORDERED that defendant's Motion [40] to Appeal Suppression Hearing is DENIED; and it is

FURTHER ORDERED that defendant's Motion [41] for Return of Property is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 24, 2006